**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greer Fractional Real Estate Partners, LLC,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Granite State Insurance Company, Inc., et al.,<br><br>　　　　Defendants. | No. CV-13-08285-PCT-PGR<br><br>ORDER |

Defendant Granite State Insurance Company removed this action on November 26, 2013 solely on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Having reviewed the Notice of Removal to determine if subject matter jurisdiction exists in this Court, the Court finds that the removing defendant has not met its jurisdictional pleading burden because the Notice of Removal fails to affirmatively set forth the facts necessary for the Court to determine the citizenship of the plaintiff. In order to cure this jurisdictional deficiency, the Court will require the removing defendant to file an amended notice of removal that

properly and affirmatively alleges the citizenship of all named parties to this action.[1] *See* 28 U.S.C. § 1653. The removing defendant is advised that its failure to timely comply with this Order will result in the remand of this action without further notice for lack of subject matter jurisdiction.

The Notice of Removal is facially deficient because the removing defendant asserts that the plaintiff is a "an Arizona limited liability company with its principal place of business located in Arizona." This allegation is insufficient as a matter of law because the citizenship of a limited liability company for purposes of § 1332 is the citizenship of each of its members. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("Notwithstanding LLCs' corporate traits, ... every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. ... We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.")  Since nothing is alleged in the Notice of Removal concerning the citizenship of the plaintiff's members, the Court will require the removing defendant to specifically identity each member of the plaintiff by name, specifically allege the type of business entity that any non-individual member is, and affirmatively allege the state of citizenship of each member.[2]

IT IS THEREFORE ORDERED that the removing defendant shall file an

---

[1] The parties are advised that LRCiv 7.1(a)(3) forbids the complete capitalization of a party's name in the caption of any document filed with the Court unless that party's name is normally completely capitalized.

[2] Since only a corporation or an individual may be a citizen for purposes of § 1332 jurisdiction, the amended notice of removal must set forth any sublayers of partners or members that the plaintiff may have.

amended notice of removal in compliance with this Order no later than **December 13, 2013**.

DATED this 3rd day of December, 2013.

Paul G. Rosenblatt
United States District Judge